## THE STATE OF KANSAS V. JAMES J. CLARK.

1. WITNESSES—*Examination Before County Attorney; Immaterial Error.* The county attorney, acting by virtue of the provisions of ? 8, chapter 149, of the Laws of 1885, examined various witnesses, who gave their testimony before him, which was reduced to writing, and the persons so examined were sworn to the statements by them severally made, and these sworn statements were not only filed in the district court with the information, but were attached thereto. The defendant moved to have them stricken from the information, which motion the court overruled, upon the ground that such statements were a part of the information. *Held,* That the court below erred in holding that such statements were a part of the information; but the refusal to strike them from the information could not of itself and alone prejudice materially any of the substantial rights of the defendant, and was therefore not material error.

2. INFORMATION—*Verification; No Error.* The information was amply sufficient in its statements of the offense charged against the defendant, and it was verified by the county attorney upon information and belief. The defendant moved to quash the same, and the court overruled the motion. *Held,* Not error; and this although the statements attached to the information may not have stated any offense, and although the information was verified by the county attorney only upon information and belief.

3. —————— *Error.* The foregoing statements were read and considered by the jury during their deliberations: *Held,* That this was error for which a new trial should be granted.

4. —————— *Impeaching Verdict.* The fact that the jurors read and considered the foregoing statements during their deliberations may be shown by the testimony of the jurors themselves, although the jurors could not be allowed to testify that their verdict was based upon such statements, or that the statements had any influence upon the jurors in forming their verdict.

### Appeal from Ellsworth District Court.

PROSECUTION for a violation of the prohibitory liquor law. From a judgment against him at the April Term, 1885, the defendant *Clark* appeals.

*Lloyd & Evans,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: The defendant was convicted at the April term, 1885, of the district court of Ellsworth county, of the offense of selling intoxicating liquors in violation of the prohibitory liquor law, and was sentenced to pay a fine of $100 and the costs of the suit, and to be imprisoned in the county jail for thirty days and until such sentence be complied with. He now appeals to this court.

The first ground for reversal urged by the defendant is, the overruling by the court below of the defendant's motion to strike from the information certain affidavits filed therewith and attached thereto. It appears that the county attorney, acting by virtue of the provisions of § 8, chapter 149 of the Laws of 1885, examined various witnesses, who gave their testimony before him, which was reduced to writing, and the persons so examined were sworn to the statements by them severally made, and these sworn statements were not only filed in the district court with the information, but were attached thereto; and these statements are the affidavits which the defendant moved to have stricken from the information. The information was also verified by the county attorney on information and belief. The court below held that the affidavits were a part of the information, and therefore were properly attached thereto; and for this reason the court below overruled the defendant's motion. We think the court below erred in holding that the affidavits were a part of the information; but we cannot see how the refusal of the court to strike them from the information materially prejudiced the substantial rights of the defendant. The statute requires that the affidavits shall be filed with the information, but it does not make them a part thereof, and we do not think that they are any part thereof; but the attaching of them to the information cannot of itself and alone prejudice materially any of the substantial rights of the defendant.

1. Examination of witness before county attorney; immaterial error.

The next ground urged by the defendant for reversal is the

overruling by the court below of the defendant's motion to quash the information. The court certainly did not commit error in this respect. The information is amply sufficient in its statements of the offenses charged against the defendant. It makes no difference whether the affidavits filed with the information show an offense, or not, for they are no part of the information. And it makes no difference that the information was verified only upon the information and belief of the county attorney; for informations verified in that manner may be sufficient for every purpose, except merely for the purpose of issuing a warrant for the arrest of the defendant. (*The State v. Blackman,* 32 Kas. 615.)

*2. Information; verification; no error.*

The next ground urged by the defendant for a reversal is founded upon the alleged facts that the court below permitted the foregoing affidavits to be read and considered by the jury during their deliberations, and refused to permit the defendant to show by the testimony of two jurors that these affidavits were read and considered by the jury, and that the verdict of the jury, or at least of a portion of the jurors, was formed by reason solely of these affidavits. As to whether the court below permitted these affidavits to be taken by the jury, or to be received and acted upon by them, the record is silent. If the court did permit such a thing, of course it committed error, unless it was by the consent, expressly or tacitly, of the parties. (1 Bishop on Crim. Pro., § 982*a*.) It does not appear that any such consent was given. We think, however, that for the purposes of this case, we must assume that the jury did have these affidavits before them, and read them and considered them during their deliberations; for the defendant moved for a new trial upon that ground, among others, and then offered to show by the testimony of two of the jurors that such was the case; and the court refused to permit the testimony to be given. It is claimed, however, that the testimony of the jurors could not be received for such a purpose. We think, however, under the decisions of this court it could. (*Perry v. Bailey,* 12 Kas.

*3. Affidavits before jury — error, unless by consent.*

539; *Johnson v. Husband*, 22 id. 278; *Gottleib Bros. v. Jasper & Co.*, 27 id. 770.) If these affidavits were read and considered by the jury, without the authority of the court, then it was clearly such misconduct on the part of the jury as would authorize and require a new trial. (*The State v. Lantz*, 23 Kas. 728; Crim. Code, § 275.) Upon any view that we may take of this question, the court below committed error. If the court permitted the affidavits to be taken and examined by the jury during their deliberations, then the court committed error in this respect; but if the court did not permit the same, but the jury in some other manner and without the permission of the court obtained the affidavits and read them, then the court committed error in refusing to hear proof of the same and in not granting a new trial therefor. Any of the jurors are competent to testify whether the affidavits were before them during their deliberations, or not, and whether any one of the jurors read them, or not; for such facts do not

4. Impeaching verdict. constitute any part of their verdict; but none of the jurors could testify that their verdict was based upon the affidavits, or that the affidavits had any influence upon the jurors in forming their verdict, for such facts would constitute elements inhering in the verdict itself. The court below should have permitted the defendant to show by the testimony of the jurors or others that the affidavits were in the jury-room while the jurors were deliberating, and that the jurors read such affidavits.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.