## THE STATE OF KANSAS v. LUCY TENNISON.

1. DEFENDANT, *Charged with Crime; Failure to Testify — New Trial.* In a criminal prosecution where the attorney on the part of the state in his closing argument refers to the fact that the defendant failed to deny the charge or to testify on her own behalf, or uses language calculated to call the attention of the jury to such facts, *held,* that for such irregularity the defendant, on a proper motion, should be granted a new trial. And *further held,* that where such statement is objected to at the time and excepted to by the defendant, and afterward presented in a motion for a new trial, such objection is made in time to be available.

2. BILL OF EXCEPTIONS — *Incompetent Statements Incorporated.* Where incompetent statements are made in the presence of the court to a

jury, in a criminal trial, by counsel on the part of the state, and such incompetent statements are incorporated in the bill of exceptions and allowed by the court, *held*, that such statements are properly made of record, although no proof be presented to the court showing such statements, and no opportunity given for making a counter-showing.

### *Appeal from Johnson District Court.*

LUCY TENNISON was charged with the murder of her husband J. D. Tennison, by means of poison. She was tried at the January term, 1889, found guilty as charged, and sentenced for murder in the first degree. She appeals.

*H. L. Burgess*, and *I. O. Pickering*, for appellant.

*L. B. Kellogg*, attorney general, and *J. W. Parker*, county attorney, for The State.

Opinion by CLOGSTON, C.: The defendant was charged with the murder of her husband, J. D. Tennison, by means of poison, and was convicted of murder in the first degree upon that charge. Numerous errors are assigned in the record for reversal; but deeming the last one of the most importance, and of sufficient magnitude to require the reversal of the judgment, we shall not pass upon the other questions presented.

The defendant at the trial did not testify as a witness on her own behalf, and no confession of the commission of the offense charged was proven. John T. Burris, one of the counsel for the state, made the closing argument, and in the latter part of his argument used the following words: "The defendant is the only living person who knows the truth of the charge against her, and she has refused to divulge it. She says that she is innocent, and it devolves upon the state to prove her guilt by circumstantial evidence." To this statement counsel for the defendant at the time objected and excepted; and the court then said that no reference must be made to the defendant's failure to testify, and said to the jury that they had been instructed upon that point, and must not consider the same. Thereupon counsel Burris said that he

had no "reference to that matter, but far from it," and proceeded with his argument. Defendant insists that this statement by counsel was in violation of § 215 of the criminal code, part of which section is as follows:

"*And provided further*, That the neglect or refusal of the person on trial to testify, or of a wife to testify in behalf of her husband, shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place."

With some hesitation, we agree with counsel for defendant. While it is not very clear that this statement was made with the intention of calling the jury's attention particularly to the fact that the defendant did not testify, yet we think it was calculated to attract their attention in that direction. The crime charged was death caused by the administration of poison, and the state relied upon circumstantial evidence to establish it. The record fails to disclose any direct testimony that poison was administered by the defendant. She then was the only living person who knew the truth of that charge, and as counsel said, she refused to divulge it. As far as the trial was concerned, there was but one of two ways in which she could have divulged it: either by confession of the crime, or by going upon the witness stand and testifying to her innocence; and doubtless the jury so understood it. It is obvious from the remarks of the court, that the court thought the jury likely to so consider it, and therefore instructed them, or referred them to a former instruction upon that point.

In conclusion, we can do no better than to quote the language of Mr. Justice VALENTINE in the case of *The State v. Moseley*, 31 Kas. 357:

"We understand the statute is explicit that when a defendant in a criminal case declines to testify in his own behalf, absolute silence on the subject is enjoined on counsel in their argument on the trial, and that the court will hold the prosecuting attorneys to a strict observance of their duty in this respect."

(See *Long v. The State*, 56 Ind. 182; *The State v. Balch*, 31

Kas. 465, and cases there cited; *City of Topeka v. Myers*, 34 id. 500.)

Counsel for the state, however, insist that if the statement made in the argument was error, it is not properly included in the bill of exceptions, and cannot be revived here. This claim is based upon the fact that it is included in the bill of exceptions, and is not in the form of an affidavit presented to the court upon which counter proof might have been made. Counsel seem to forget the universal rule that what is done in the presence of the court and made of record, cannot be disputed by affidavit. Coming in this way, it is the best form that it could be made of record, and is the better practice and ought to prevail. (*Henning v. The State*, 106 Ind. 391.)

Again, counsel insist that the objection, being made in the motion for a new trial, came too late; that at the time the counsel for the state made the objectionable statement to the jury, it was the duty of the defendant, if she saw fit to avail herself of the error, to ask that the jury be discharged and a new trial granted. We think this claim not tenable. This occurred in the closing argument of the case, at the last moment of the trial, and we think when presented in the motion for a new trial it was in time.

It is therefore recommended that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.