No. 19,470.

THE STATE OF KANSAS, *Appellee,* V. A. A. DREILING et al. (A. A. BRUNGARDT, *Appellant*).

SYLLABUS BY THE COURT.

1. APPEAL—*Argumentative Statements No Place in Abstract.* Argumentative statements have no proper place in an abstract, which is intended to take the place of the transcript and to constitute here the record of the case for use of both sides in preparing briefs and in oral argument and for the use of the court in considering the case.

2. MOTION FOR NEW TRIAL—*Comments in Jury Room on Failure of Defendant to Testify—Ground Not Sustained.* In a criminal prosecution for a misdemeanor the affidavits of two jurors were presented on a motion for a new trial in which they stated that the failure of defendant to testify in his own behalf was referred to and commented upon in the jury room and the fact of his failure to testify was considered and weighed by them in agreeing to the verdict. The trial court refused to believe that the jurors had really given the matter serious weight or consideration, and held that their statements were not true. *Held,* that the ruling denying the motion for a new trial must be affirmed.

16—95 KAN.

Appeal from Ellis district court; JACOB C. RUPPEN-THAL, judge. Opinion filed April 10, 1915. Affirmed.

*James T. Nolan,* of Ellis, and *A. F. Brungardt,* of Omaha, Neb., for the appellant; *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, of counsel.

*S. M. Brewster,* attorney-general, *Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a prosecution begun before a justice of the peace the appellant Brungardt, together with A. A. Dreiling, was found guilty of assault and battery. They appealed to the district court and were there convicted. Brungardt alone has appealed.

The rules respecting the making of abstracts have been wholly disregarded, and counsel has injected paragraph after paragraph of argumentative statements, some of them italicized and some in heavy boldface type. Such statements have no proper place in an abstract, the purpose of which is to present such portions of the record as are deemed to be pertinent to the appeal. It is intended to take the place of a transcript and to constitute here the record of the case, to be referred to by the court as the record in considering the case and for the use of both sides in preparing their briefs and in oral argument. No motion has been made to strike the abstract from the files, and the action being a criminal one, the court is not inclined of its own motion to enforce the rule or to refuse to hear the appeal.

Most of the assignments of error relate to matters that are of trivial importance. It was in the court's discretion to refuse the appellant a separate trial in a misdemeanor, and there is no ground for the contention that there was an abuse of discretion in denying him the right. The appellant made no objection to going to trial on the theory that the transcript from the justice was not properly certified. A witness was

permitted to testify to the ownership of a vacant lot near the house of Schumacher, one of the parties who was assaulted. The ownership of the land was not in controversy, and the objection that this is not the proper way to prove title was rightly overruled. It was within the discretion of the court to permit Schumacher to testify on redirect examination to some of the facts not properly rebuttal, and besides, there was nothing prejudical to the appellant in the admission of the testimony. Certain questions were objected to because they were leading and suggestive. There was no error in the ruling of the court in this respect. The county attorney refused for some reason to prosecute either in the justice court or in the district court. The appellant could not have been prejudiced in any way by the statements of the court in refusing to permit the county attorney to testify to his reasons. The complaint was sworn to by Joseph Schumacher, and the motives of the county attorney in refusing to prosecute was not a proper matter for the consideration of the jury. There was no error in the instructions given or refused. The instruction to the effect that threats or epithets are not sufficient to warrant an assault and battery was properly given. There was abundant evidence to sustain the conviction.

There is but one assignment of error which is of sufficient importance to require comment or reference to authorities. On the motion for a new trial the appellant produced the affidavits of two jurors to the effect that in the jury room reference was made to the failure of the appellant to testify. One of the jurors stated in his affidavit that before agreeing to the verdict of guilty he took into consideration that neither of the defendants went upon the stand and testified; that he considered this as a circumstance against appellant, and that it had weight with him in agreeing to the verdict of guilty. The other juror testified that it was mentioned by several jurors, himself included, that it

was very strange that defendants did not take the stand and testify; that "they must have been in the wrong or they would have gone upon the stand and told the jury what they claimed to be the facts in reference to the matter." He further stated that the failure of the defendants to testify was considered by him and weighed by him in agreeing to the verdict. Two other jurors testified in behalf of the state that they had no recollection of any such statements having been made among the jurors during their deliberations, and that they did not hear the subject discussed by the jurors, and that neither of them considered that fact against the defendants in agreeing to the verdict.

The trial court in his opinion, after commenting upon the absurdity of any pretense or attempt by courts to require a literal enforcement of the statute (Crim. Code, § 215) forbidding jurors to consider the fact that a defendant in a criminal action has failed to take the witness stand in his own behalf, made this statement:

"The court will add further that it does not believe the testimony of those two jurors who say they considered that . . . These are intelligent jurors. The court saw them and heard them and knows what they said, and what they testified to, and does not believe that they willfully disregarded the instructions . . . No matter what they say about it now."

The court further held the affidavits stronger than the court was justified in believing their literal terms, and refused to believe that the affidavits meant what they said.

It is fundamental that a juror can not impeach his verdict by an affidavit or testimony to the effect that he considered this or considered that, or by attempting to relate the working of his mind or the mental processes by which he arrived at an agreement to the verdict. (*The State v. Clark,* 34 Kan. 289, 292, 8 Pac. 528; *The State v. Burwell,* 34 Kan. 312, 313, 8 Pac. 470; 12 Cyc. 749, 750.)

Under certain restrictions a juror may testify to facts that transpired in the jury room; for instance, that documents and papers were taken to the room and read by the jury. (*The State v. Clark,* supra.) He may testify to facts showing that the jury was tampered with or that there was misconduct on the part of himself or any other member of the jury. Thus in *The State v. Clark,* supra, it was said in the opinion:

"Any of the jurors are competent to testify whether the affidavits were before them during their deliberations, or not, and whether any one of the jurors read them, or not; for such facts do not constitute any part of their verdict; but none of the jurors could testify that their verdict was based upon the affidavits, or that the affidavits had any influence upon the jurors in forming their verdict, for such facts would constitute elements inhering in the verdict itself." (p. 292.)

In *The State v. Rambo,* 69 Kan. 777, 77 Pac. 563, a juror testified that he mentioned in the presence of other jurors the fact that the defendant had failed to testify. Notwithstanding he further testified that the defendant's failure to take the witness stand in his own behalf was not considered by him in arriving at a verdict, a conviction of murder was set aside. The doctrine of that case has never been extended, and the tendency of the court has been to restrict the effect of the decision as far as possible. It has been held in a recent case (*The State v. Brooks,* 74 Kan. 175, 85 Pac. 1013) that where the trial court, after hearing the testimony of jurors to the effect that they had considered and weighed such testimony, concludes that their statements are not true, there is no ground for enforcing the rule announced in the Rambo case. Under the authority of *The State v. Brooks,* supra, we approve the ruling of the trial court denying the motion for a new trial, and the judgment will be affirmed.

PORTER, J. (concurring specially) : The decision in *The State v. Rambo,* 69 Kan. 777, 77 Pac. 563, if strictly adhered to would reverse the judgment in this case. Adherence to its doctrine would make it an easy matter to overturn a verdict of guilty in almost every case where the defendant fails to testify in his own behalf. The decision has never been followed, and I doubt if it ever will be. It has never met with the sanction and approval of the bench and bar, but on the contrary has been the subject of much criticism by judges and lawyers throughout the state. The language of the statute must be given a reasonable construction, not a literal one, because that leads to a manifest absurdity. Whenever a person charged with a crime fails to testify in his own behalf nothing is more natural than for jurors, courts and everyone to wonder why it is, and to consider his failure to testify as a circumstance against him. Legislative enactments can not repeal the law of gravitation, and a rule declaring that water shall run up in place of down hill would constitute no more of a *brutum fulmen* than section 215 of the criminal code forbidding courts or jurors to consider the fact that the defendant in a criminal action has failed to testify in his own behalf, if we give to this statute its literal meaning.

In *The State v. Brooks,* 74 Kan. 175, 85 Pac. 1013, it was said in the opinion:

"The prohibition can not reasonably be construed as absolutely forbidding the court and jury to take any thought whatever regarding such omission of the defendant—to deny it entrance to the mind in any aspect. Such a requirement would be impracticable. The very reference to the matter in the instructions of the court would be a violation of the law under such a construction. The statute provides that the prosecuting attorney must not refer to the circumstance that the defendant has not testified, but the language with regard to the court and jury is different; they must not

consider it—that is, give weight to it in arriving at a decision, attach to it the force of evidence, or draw any inference from it."    (p. 179.)

I think this is the time and place to overrule *The State v. Rambo,* supra.