The court agrees with the state auditor, and the writ is denied.

WEST, J.: Not sitting.

---

No. 21,692.

THE STATE OF KANSAS, *Appellee*, v. ALBERRY PETERSON, *Appellant*.

### SYLLABUS BY THE COURT..

CRIMINAL LAW—*Failure of Wife to Testify—Reference Thereto by County Attorney—When Reversible Error*. In an argument to the jury in a criminal action, it is error for the county attorney to refer to the fact that the defendant's wife did not testify; but before a judgment of conviction will be reversed, it must appear that some substantial right of the defendant was affected by the error.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed April 6, 1918. Affirmed.

*M. A. Gorrill, Henry H. Asher, Edward T. Riling*, and *John J. Riling*, all of Lawrence, for the appellant.

*S. M. Brewster*, attorney-general, and *J. B. Wilson*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction on a charge of robbery. To supply the place of a transcript, the trial court made such a record as is necessary to present the question argued by the defendant. The material parts of that record are as follows:

"In his opening argument to the jury, Mr. J. B. Wilson, county attorney, made, in substance, the following remarks to the jury:

"'He has taken the stand himself and he has brought here his father and mother to testify that he was at home that day. His wife, even, isn't here to testify.'.

"The attention of the court was called to this remark a few moments after it was made, by one of counsel for defendant who approached the bench and stated in, a whisper that he desired the remark made a part of the record. The court stenographer was not in the room at the time the argument in question was made.

"The defense in this case was an alibi. The father and mother of the defendant testified that he was at home for supper and the testimony of two or three other witnesses being that he was in their company or seen by them later in the evening.

"The crime was alleged to have taken place between eight and nine o'clock in the evening, and the defendant was alleged to have been at Linwood, Kan., on a freight train, and to have ridden the same to Lawrence where the alleged crime was testified to have been committed, i. e., that the theft was from the person of a brakeman on said train as it stood on the track at the City. The circumstances of the case were such that the defendant could not have been at home for supper, at the time he claimed to have eaten supper, and at Linwood."

The defendant complains of the conduct of the county attorney, and asks that the judgment be reversed and that a new trial be granted. Section 215 of the code of criminal procedure, in part, reads:

"That no person on trial or examination, nor wife or husband of such person, shall be required to testify except as a witness on behalf of the person on trial or examination: *And further provided,* That the neglect or refusal of the person on trial to testify, or of a wife to testify in behalf of her husband, shall not raise any presumption of guilt, nor shall that circumstance be referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place." (Gen. Stat. 1915, § 8130.)

It has been held error for the county attorney to refer to the fact that the defendant did not testify. (*The State v. Balch,* 31 Kan. 465, 2 Pac. 609; *City of Topeka v. Myers,* 34 Kan. 500, 8 Pac. 726; *The State v. Tennison,* 42 Kan. 330, 22 Pac. 429.)

By the same reasoning and under the same statute and decisions, it must be, and is, held error for the county attorney to refer to the fact that the defendant's wife did not testify.

Section 293 of the code of criminal procedure must be read in connection with section 215.   Section 293 reads:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."   (Gen. Stat. 1915, § 8215.)

Under this statute it has been repeatedly held that to cause a reversal of a judgment in a criminal action, the error committed must affect a substantial right of the defendant.   In *The State v. Brooks,* 74 Kan. 175, 85 Pac. 1013, this court said:

"To justify a reviewing court in ordering a new trial in a criminal case because of the infraction of the statutory rule that the omission of the defendant to testify shall not be considered by the jury, it must conclusively appear that the jury or some one of them in arriving at a verdict gave weight to the fact that the defendant did not take the stand in his own behalf, as a circumstance tending to establish his guilt." (syl. ¶ 2.)

This rule was followed in *The State v. Dreiling,* 95 Kan. 241, 147 Pac. 1108.   In *The State v. Fleeman,* 102 Kan. 670, 171 Pac. 618, this court said:

"The code of criminal procedure was framed to supersede the common law with a more rational system.   While it is defective in many respects, and in many others exhibits a conservatism which contrasts strongly with its general liberality, it is distinctively modern.   The tradition of the common law, however, was so strong that it came near superseding the code.   In time the code was rediscovered, and it is the purpose of the court to interpret and apply it according to its true intent and spirit."   (p. 677.)

Under all the circumstances, it is highly improbable that the verdict of the jury was influenced by the remark of the county attorney.   It does not appear that the jury was so influenced and, therefore, the judgment will not be reversed.

*The State v. Balch,* 31 Kan. 465, 2 Pac. 609; *City of Topeka v. Myers,* 34 Kan. 500, 8 Pac. 726; *The State v. Tennison,* 42 Kan. 330, 22 Pac. 429, are overruled in so far as they hold that a judgment of conviction must be reversed—notwithstanding that the error does not prejudicially affect any substantial right of the defendant—for a mere reference by the county attorney to the fact that the defendant has not testified.

The judgment is affirmed.