No. 21,408.

THE STATE OF KANSAS, *Appellee,* v. GEORGE W. FARRAR, *Appellant.*

SYLLABUS BY THE COURT.

1. HOMICIDE—*Misconduct of Jurors—Remarks in Jury-room.* Evidence produced at the hearing on the motion for a new trial after a verdict of guilty of murder in the second degree, to the effect that during the deliberations of the jury one or more jurors said the defendant had been convicted of murder in the first degree at a former trial, con-sidered, and held not to warrant the granting of a new trial under the rule that evidential statements of a prejudicial nature made by a juror on his personal knowledge, and which naturally and probably influenced the verdict, furnish ground for the granting of a new trial, unless the state show the accused suffered no prejudice.

2. SAME—*Trial—No Substantial Error Shown.* Various assignments of error considered, and held to be without substantial merit.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed December 7, 1918. Affirmed.

*H. S. Hines,* of Arkansas City, *I. B. Kimbrell, J. S. Brooks, A. W. Farrar,* and *L. C. Harper,* all of Kansas City, Mo., for the appellant.

*S. M. Brewster,* attorney-general, and *J. A. McDermott,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of murder in the second degree, and appeals.

At the hearing on the motion for a new trial there was evidence that during the deliberations of the jury it was stated by one or more jurors that at a former trial the defendant had been convicted of murder in the first degree. Because of this fact the defendant insists he should have been granted a new trial.

The former trial had been referred to in the course of the proceedings. Witnesses had been cross-examined with reference to testimony given at the former trial, and the fact that there had been a former trial was well known to the jury. The defendant relies on the rule that evidential statements of a

The State v. Farrar.

prejudicial nature made by a juror on his personal knowledge, and which would naturally and probably influence the verdict, furnish ground for the granting of a new trial, unless the state show the accused suffered no prejudice.    The case of *The State v. Woods,* 49 Kan. 237, 30 Pac. 520, is cited.    The prosecution was one for statutory rape.    The age of the girl was a material and a contested fact.    A juror said that three years before she was a small girl wearing short clothes, and that he saw her about three years before, at baptism, in short dresses.    The statement was evidential in character, bore directly upon a material issue, and militated quite strongly against the defendant.

The case of *The State v. McCormick,* 57 Kan. 440, 46 Pac. 777, is cited.    The defendant was convicted of obtaining property by false and fraudulent pretenses.    At the hearing on the motion for a new trial the court excluded testimony that one of the jurors said in the jury-room the defendant had been convicted at a former trial, and that the defendant had defrauded a witness who testified for the state out of some cattle while in Colorado.    In deciding that the evidence should have been admitted, this court did not discriminate between the two statements of the juror, and said the testimony offered was of an important and prejudicial character.    That was clearly true with respect to the former fraud committed by the defendant.

The case of *The State v. Burton,* 65 Kan. 704, 70 Pac. 640, is cited.    The defendant was convicted of the murder of one Hoffman by shooting him.    There was some evidence that Hoffman was a violent and desperate man who had threatened the defendant's life, and the crucial point in the case was whether or not there was a necessity, or apparent necessity, for killing him.    Two of the jurors, from their personal knowledge, stated that Hoffman was merely a bluffer, and would not hurt anybody.    Another juror stated that everybody in the county believed the defendant guilty of murder in the first degree, and another juror stated that a former jury had found the defendant guilty of murder in the first degree.    In this case an evidential fact was stated which bore directly upon a vital subject —whether or not the deceased was a dangerous man.

No case is cited in which a statement of the nature of a former verdict, standing alone, has vitiated a verdict.

The rule was stated in the Burton case in the following form:

"When a juror in a capital case makes a statement to his fellow members about material matters outside the evidence, and of a prejudicial character, based on his personal knowledge, it will vitiate the verdict, unless a clear showing be made that the defendant suffered no prejudice from the misconduct."   (syl. ¶ 1.)

In the opinion it was said:

"Who can say that they were not affected by the information wrongfully introduced in the jury-room that another jury had at another time found the defendant guilty of the highest degree of the crime with which he was charged?"   (p. 708.)

Because of this remark in the opinion, and because of the different meanings which might attach to the word "prejudicial" in the syllabus, the decison in the Burton case might be misapplied. "Prejudicial" may mean merely derogatory to the defendant or his defense, or it may mean actually, or naturally and probably bringing about a wrong result, under all the circumstances of the case. The remark in the opinion might lead to the inference that if a statement about a material matter outside the evidence and adverse to the defendant should be made, prejudice in the result would be presumed until the contrary should be made to appear. On this subject the court has made itself clear in a long line of decisions applying section 293 of the criminal code:

"On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."   (Gen. Stat. 1915, § 8215.)

Even the violation of an express statutory inhibition will not work a reversal unless the court is able to say, the whole record considered, that a substantial right was prejudicially affected. (*The State v. Peterson*, 102 Kan. 900, 171 Pac. 1153, and cases cited in the opinion.)

In a case like the Woods case, the proof that the girl was under age of consent might be so convincing that the court would have no hesitation in saying the statement made by the juror had no influence on the verdict. In a case like the McCormick case, it might be apparent that the statement of the juror merely augmented a superfluity of proof of guilt. In the Burton case, the tension was such that the evidential statement of two jurors concerning the inoffensive character of the man killed, supplemented by the other statements injected into the

The State v. Farrar.

deliberations, may have overcome a lingering, reasonable doubt of guilt. But in another case, the court might be able to say with confidence that the jurors who spoke were merely, in a way, confirming a conclusion from which the evidence in the case left no reasonable avenue of escape.

A statement of the nature of the verdict at a former trial is not evidential. The fact stated adds nothing to the evidence respecting any contested issue. It may not even be interesting. It may be a matter of common knowledge. It does not naturally or necessarily tend to corrupt the deliberations of a jury, presumably regardful of their oaths and the instructions given by the court, and in any given instance it is the function of the trial court to determine whether or not it probably subverted their integrity and vitiated their verdict. In this instance this court agrees with the trial court that it is highly improbable the extraneous remarks influenced the jury to return an unwarranted verdict.

The defendant complains that at the hearing on the motion for a new trial the court declined to receive evidence relating to misconduct of the jury in the jury-room. The court did not decline to hear evidence of any material fact or facts occurring during the deliberations of the jury. It did properly decline to hear evidence as to the influence and effect of facts occurring during the deliberations of the jury on their minds in arriving at their verdict.

The finding of the trial court on evidence produced at the hearing on the motion for a new trial, relating to alleged misconduct of a juror outside the jury-room, is approved.

The defendant says the court admitted, over objection, proof of offenses committed by the defendant not related to the charge contained in the information, and permitted the defendant's character to be wrongfully assailed. What happened was this: The killing occurred immediately after a meeting of a Rebecca lodge in the city of Silverdale, which the defendant and his victim attended. The weapon used was a .45-caliber revolver, which the defendant took with him to the meeting. He took the witness stand in his own defense, and in his examination in chief improved the opportunity to tell of his habit and practice of carrying a revolver. He said he carried a gun when he was at Frederick, Okla., in the cattle

country, and had carried one since he had been in Silverdale, where he had lived since January, 1911. The state then cross-examined him at length on the subject, extending the examination to other states, and to details which tested his veracity and credibility, and which tended to shake his credit as a witness by reflections on his character. The cross-examination, however, was confined to the subject of carrying and using deadly weapons. The cross-examination was proper. (*The State v. Killion*, 95 Kan. 371, 148 Pac. 643, and cases cited.)

Assignments of error relating to the admission of evidence, instructions given the jury, and the submission to the jury of the crime of murder in the second degree, have been considered, and are held to be without substantial merit.

Th judgment of the district court is affirmed.