FILED
United States Court of Appeals
Tenth Circuit

May 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH M. COOK,

               Petitioner–Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

               Respondents–Appellees.

No. 08-3156

(Case No. 07-CV-03149-RDR)

(D. Kan.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner, a state prisoner represented by *pro bono* counsel, seeks a

certificate of appealability to appeal the district court's dismissal of his § 2254

habeas petition. Petitioner was originally convicted in 1993 of first degree

murder, and his conviction was affirmed by the Kansas Supreme Court in *State v.*

*Cook*, 913 P.2d 97 (Kan. 1996). His federal habeas petition was denied by the

district court, but on appeal we held that Petitioner's Sixth Amendment rights had

been denied because the prosecution had not made a reasonable, good-faith effort

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to produce a key witness whose testimony from a preliminary hearing was admitted as evidence at the trial. *Cook v. McKune,* 323 F.3d 825, 839-40 (10th Cir. 2003). Petitioner was retried by the state and convicted of second degree murder, and his conviction was affirmed by the Kansas Supreme Court in *State v. Cook,* 135 P.3d 1147 (Kan. 2006). He subsequently filed the instant habeas petition, raising the same claims he had raised before the Kansas Supreme Court.

Because the claims raised in this habeas petition were rejected on the merits by the state court, Petitioner cannot obtain habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Petitioner's brief, the relevant state court

-2-

decisions, the district court's disposition, and the record on appeal, we conclude that Petitioner has not met the standard required to obtain a certificate of appealability as to any of the issues he seeks to appeal.[1]

Petitioner's first two claims are based on the Confrontation Clause of the Sixth Amendment. Specifically, he argues that he was deprived of the right to effectively cross examine the witnesses against him when the trial court (1) refused to order a psychological evaluation of a key prosecution witness and (2) refused his request for a continuance to search for and obtain medical records and other information pertaining to this witness's mental health history. However, Petitioner cites to no Supreme Court precedent indicating that the Confrontation Clause provides a defendant with a constitutional right to require a psychiatric examination of a witness or to obtain a continuance based on speculation that further impeachment information may exist. Indeed, the "Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (internal quotation marks omitted). Moreover, as the district court noted, the record indicates that the trial court allowed Petitioner's counsel sufficient latitude in the scope of his cross-examination of the witness's mental problems. We conclude

---

[1] Although Petitioner's habeas petition raised a fifth claim related to his sentencing, he does not seek a certificate of appealability as to that issue.

that reasonable jurists would not debate whether the district court erred in concluding that Petitioner's Confrontation Clause challenges did not constitute a violation of established federal law.

Petitioner also argues that he is entitled to habeas relief based on the trial court's denial of his motion for a new trial based upon newly discovered evidence. Specifically, he argues that the court erred in concluding that this evidence—testimony given by an individual who shared a jail pod with Petitioner that implicated a different individual in the crime—was not sufficiently credible to make a different result reasonably likely upon retrial. Petitioner cites to no clearly established federal law barring such a credibility assessment in the context of a motion for a new trial based upon newly discovered evidence. Instead, he argues that the trial court's decision that this testimony was not credible was "an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2). After carefully reviewing the record, however, we conclude that reasonable jurists would not debate whether the trial court's credibility assessment was objectively unreasonable.

Petitioner's fourth claim is premised on the trial court's denial of his motion to recall the jury. After trial, defense counsel submitted to the court an affidavit from a juror attesting that during deliberations he heard another juror say that this case was a retrial and that Petitioner had been convicted of the same crime in the first trial. Defense counsel accordingly asked the court to recall the

jury to determine whether this information influenced the jury's deliberations. In response, the government submitted affidavits from other jurors generally indicating that they speculated the case was a retrial based on references to witnesses' prior testimony. In denying the motion to recall, the trial court noted the lack of specificity in the first juror's affidavit as to which juror said the case was a retrial and as to whether that juror was merely speculating or actually knew of the prior trial. On appeal, the Kansas Supreme Court held that this juror's affidavit was not conjectural but instead described another juror's specific personal knowledge regarding the fact of a retrial and Petitioner's previous conviction of this crime. *Cook*, 135 P.3d at 1159-61. However, the court affirmed the trial court's decision not the recall to jury, concluding that this decision did not constitute an abuse of discretion because it was in accordance with clear Kansas law. *Id.* at 1161. Kansas law permits a juror to testify to conditions or occurrences having a material bearing on the validity of the indictment, but it prevents an inquiry into the subjective effect of such conditions or occurrences on the individual jurors' mental processes or the jury's deliberations. *Id.* at 1158. Thus, the question before the court was whether this type of evidence would, by its nature, be likely to have a prejudicial effect on the jury, not whether there was an actual effect in this specific case. *Id.* This objective question of prejudice was resolved by the Kansas Supreme Court decades ago in *State v. Farrar*, 176 P. 987, 988 (Kan. 1918), in which the court

held that jurors' knowledge that a defendant was previously convicted for the same crime is not inherently prejudicial. Therefore, the court held that the trial court did not err in this case by denying Petitioner's motion to recall the jury.

Petitioner argues that the Kansas Supreme Court erred in holding that the trial court did not need to recall the jury to explore the effects of the extrinsic information regarding Petitioner's prior conviction and retrial on the jury's deliberations. He also argues that the state court erred in holding that this information was not inherently prejudicial, and he argues that the court should have applied a presumption of prejudice to the extrinsic information pursuant to *Remmer v. United States*, 347 U.S. 227, 229 (1954). As for the first argument, the Kansas rule preventing an inquiry into the subjective effect of extrinsic information on the jury's deliberations is not contrary to clearly established federal law. Indeed, our federal rules prevent such an inquiry as well. *See* Fed. R. Evid. 606(b); *see also United States v. Hornung*, 848 F.2d 1040, 1045 (10th Cir. 1988) ("The court's questioning of a juror who is the recipient of extraneous information is limited to the circumstances and nature of the improper contact, as Fed. R. Evid. 606(b) precludes the court from delving into the subjective effect of the contact on the juror's decision-making. Accordingly, an objective test should be applied in making an assessment of whether the defendant was prejudiced by the extraneous information."). As for Petitioner's second argument, the Kansas court's holding that this information was not inherently prejudicial is not contrary

-6-

to clearly established Supreme Court authority, and the *Remmer* presumption of prejudice is inapplicable to this state habeas case because it is "a rule of federal criminal procedure, rather than a rule of federal constitutional law." *Crease v. McKune*, 189 F.3d 1188, 1193 (10th Cir. 1999).

For the foregoing reasons, we conclude that reasonable jurists would not debate whether the district court's ruling was correct. We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge