*In the matter of the Application of* JOHN MILLER *for a Writ of Habeas Corpus.*

**No. 295.**

HABEAS CORPUS—*Plea of Former Jeopardy.* The question of former jeopardy on the part of the petitioner cannot be inquired into in *habeas corpus* proceedings, but such plea must be presented and tried in the court having jurisdiction to try the petitioner on the charge for which he stands committed.

Original proceedings in *habeas corpus.* Opinion filed January 17, 1898. Petitioner remanded.

*G. Polk Cline,* for petitioner.

*T. L. Haun,* for respondent.

The opinion of the court was delivered by

MILTON, J. : The writ herein was granted by the writer of this opinion on November 27, 1897, and the hearing set down for December 14, 1897, the first day of the December term of court at Garden City. Petitioner in the meantime gave bail fixed in the order for the writ. By agreement of petitioner and the sheriff of Pawnee county and counsel representing the prosecutrix in the action there pending, the hearing took place before the court. The sheriff made the re-

*In re* Miller.

turn that he held the petitioner under a valid commitment issued by a justice of the peace of Pawnee county, charging the petitioner with the offense of assault with intent to commit a rape on the person of Lizetta Jones, in said county, on the 19th day of November, 1897.   Evidence oral and written was presented upon the hearing, and we are asked to consider the case upon the evidence as well as upon the plea of former jeopardy, which latter was alone set forth in the petition as the ground of the alleged illegality of the petitioner's restraint.   As the statute requires that where the petition alleges the restraint to be illegal, it shall specify in what the illegality consists, and as the petition states only the ground relating to the said plea, the latter alone can now be considered. ( Hurd on *Habeas Corpus*, 2d ed., 208 ; *Ex parte J. W. Nye*, 8 Kan. 99.)

There is no dispute that the petitioner was first arrested on a complaint made by Lizetta Jones charging him, in one count with an assault and battery upon the person of complainant, and in another count with disturbing her peace, both charges relating to the same transaction ; that the county attorney, in good faith, consented to a plea of guilty under the second count, upon an understanding and agreement that such plea should settle and dispose of the entire case ; that petitioner then pleaded guilty to disturbing the peace of the said Lizetta Jones and was fined five dollars and costs by the justice of the peace ; that a commitment was thereupon duly issued by the justice of the peace and delivered to a constable of Pawnee county ; that while the petitioner was in the custody of this officer, and being held under an arrangement for some delay until he could procure the money to pay the fine and costs, he was again arrested upon complaint of said

Lizetta Jones for the same offense, under a warrant issued by another justice of the peace of the same county, charging him with assault with intent to commit a rape upon the person of said Lizetta Jones, on the 19th day of November, 1897 ; that at the preliminary examination under the last-named warrant, petitioner filed a motion to quash the proceedings and to discharge him from custody for the reason that he had already been placed in jeopardy for the offense complained of, and for the further reason that he had committed no offense under the laws of the state of Kansas ; that the county attorney was present and made a full statement under oath concerning the former proceedings and asked that the petitioner be discharged ; that the justice of the peace overruled the motion and held the petitioner to the district court, fixing his recognizance at $200, and that thereupon a writ of *habeas corpus* was applied for and granted.

While the facts seem to indicate the propriety of the plea of former jeopardy, we are unable to grant the petitioner's discharge. In the case of *The State v. Horneman*, 16 Kan. 452, the first paragraph of the syllabus reads :

"A defendant in a criminal case cannot bring to this court on appeal the ruling of the district court sustaining the demurrer on the part of the state to a plea of *autrefois acquit* until after the trial and judgment on the merits."

Bishop, in his New Criminal Procedure (4th ed., vol. 1, § 821), says :

"A discharge of the jury, after jeopardy begun, without verdict or the prisoner's consent, operates in law as an acquittal ; and on motion, without plea, he is entitled to be set at liberty. But should the court refuse, *habeas corpus* will not lie ; nor in most localities will appeal, which is from a final judgment."

In the Encyclopedia of Pleading and Practice, vol. 9, p. 1046, note 5, it is stated that a former conviction is a matter of defense on the merits, and cannot be inquired into on a petition for discharge on *habeas corpus;* citing a number of cases, including *Steiner v. Nerton,* 6 Wash. 23, where the court held that the question of former jeopardy could not be passed on by the supreme court in *habeas corpus* proceedings, but was a proper plea at bar to be tried by the lower court.

Recognizing our lack of jurisdiction to grant the relief sought, it is ordered that the petitioner be remanded to the custody of the sheriff of Pawnee county.