THE STATE OF KANSAS v. ROBERT TURNER.
No. 12,798.    (66 Pac. 1008.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Nuisance.* A defendant was charged in two counts of an information with having made illegal sales of intoxicating liquor, and in the third count with the maintenance of a nuisance, under section 2493, General Statutes of 1901. The evidence introduced by the state was confined to sales of liquor labeled " Canadian Malt," made on a particular day. Defendant admitted the sales, but defended upon the ground that the liquor sold was not intoxicating. The jury acquitted on the counts for selling, but convicted the defendant on the nuisance charge. *Held*, that the conviction cannot be sustained.

Appeal from Reno district court; M. P. SIMPSON, judge. Opinion filed December 7, 1901. Division one. Reversed.

*Carr W. Taylor*, county attorney, and *J. U. Brown*, for The State.

*James McKinstry*, for appellant.

The opinion of the court was delivered by

SMITH, J.: The defendant was convicted of maintaining a nuisance, contrary to the prohibitory law, under section 2493 of the General Statutes of 1901. The information was in three counts. The first and

second counts charged illegal sales of intoxicating liquors on the 26th day of July, 1900, and the third count charged the defendant, on the same date, with keeping a place where intoxicating liquors were unlawfully sold, bartered, and given away, and a place where people resorted, and were permitted to resort, for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors were unlawfully kept for sale, and that the place was a common nuisance.

On the trial, the defendant was acquitted on the charges contained in the first two counts, alleging unlawful sales; that is to say, while the jury did not, in express terms, acquit him on the first two counts, he was found guilty under the third count only, being the charge for maintaining a nuisance, the legal effect of which was an acquittal of the charges of selling. The prosecution confined its proof of alleged illegal sales of beer made by Turner to Lee Anderson, Charles Rose, and Glenn Bennett, three boys who stopped at defendant's resort while out hunting. They testified that they bought several bottles of liquor, which one of them, at least, supposed to be beer. The defendant made no denial of the sales, but defended upon the ground that the liquor was not intoxicating. He introduced evidence that the liquor was labeled "Canadian Malt," and witnesses who drank it said it had no intoxicating effect.

It is true, as contended by counsel for the state, that the maintenance of a nuisance is a separate and distinct offense from that of selling intoxicating liquor. (*The State v. Dugan*, 52 Kan. 23, 34 Pac. 409.) Had there been testimony other than that showing sales of this particular kind of liquor, which was intoxicating, the conviction for maintaining a nuisance

might be sustained. The keeping or sale of non-intoxicating liquors, or keeping a place where persons resort to drink the same, is not an offense against the prohibitory law.

As before stated, the question tried was whether the liquor sold was intoxicating. The jury having necessarily found that it was not, by their acquittal of the defendant on the charge of selling, it is difficult to understand how a conviction resulted under the nuisance clause of the statute when there was no more or different evidence to support that charge than there was to sustain the accusation of making illegal sales.

The judgment of the court below will be reversed and the cause remanded for a new trial.

DOSTER, C.J., JOHNSTON, ELLIS, JJ., concurring.