THE STATE OF KANSAS v. OTTO INMAN.
No. 14,189.   (79 Pac. 162.)

Appeal from Franklin district court; CHARLES A. SMART, judge.   Opinion filed January 7, 1905.   Affirmed.

*C. C. Coleman,* attorney-general, *Walter Pleasant,* county attorney, and *W. B. Pleasant,* for The State.   .

*Deford & Deford,* for appellant.

*Per Curiam:* There was no testimony showing that the statements made by Inman in the presence of the sheriff, county attorney and constable were induced by threats or promises.   He was told distinctly that he was not compelled to answer.   (*The State v. Kornstett,* 62 Kan. 221, 61 Pac. 805.)   The complaint that the court should have submitted to the jury the question whether Inman's statements had been extracted by fear or induced by hope of benefits is without merit.   Counsel for defendant asked that the investigation be made in the absence of the jury, and finally agreed that the testimony at a former trial respecting the surroundings of defendant at the time he talked to the sheriff and others should become a part of the record on this trial, to which the court assented.   No offer was made by counsel for defendant to read this testimony to the jury. Withholding testimony from a jury cannot be ground of error when the testimony was not offered.

The contention that the admission in evidence of statements made out of court by a party on trial are incompetent, on the theory that they tend to make him a witness against himself, is without substance.   Voluntary statements of an accused person have always been received in evidence against him.   Section 10 of the bill of rights is not violated by the admission of such testimony.   Again, no objection on constitutional grounds was made to the testimony in the court below.   The trial court was afforded no opportunity to consider or pass upon the constitutional question now presented.

Direct and circumstantial evidence, as defined by the court in its instructions, was without prejudice to the defendant.   The definitions given are supported by section 5 of volume 1 of Jones on Evidence, and by the language of Chief Justice Shaw in *Commonwealth v. Webster,* 5 Cush. 295, 310.

Instruction No. 10 stated the rule of evidence fairly.

( *The State v. Furney*, 41 Kan. 115, 21 Pac. 213, 13 Am. St. Rep. 262.)

We have given consideration to the other errors assigned, and find nothing to justify a reversal of the judgment.   The case was carefully tried on the part of the court below. The instructions guarded all the rights of the appellant. There was sufficient evidence on which the jury might convict.

The judgment of the court below is affirmed.