*In re* HARLEY GANO, *Petitioner.*

No. 18,707.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Former Jeopardy—Error Must be Corrected on Appeal.* Ordinarily an error committed in overruling a plea of former jeopardy does not entitle the prisoner to a discharge in habeas corpus, but it must be corrected on appeal.

2. ACQUITTAL OF BURGLARY—*No Defense to Subsequent Charge of Larceny.* The petitioner was prosecuted upon an information charging him, in a single count, with breaking and entering a building used as a shop and dwelling house with intent to steal, and also with stealing certain property found therein. Before the commencement of the trial a motion of the petitioner to quash the information was sustained as to the charge of larceny and overruled as to burglary. After the trial had begun on the charge of burglary the petitioner renewed his motion to quash that charge, which was sustained and the jury discharged. Subsequently a second information was filed on the same charge, under which the petitioner was convicted of larceny. His plea of former jeopardy was overruled. *Held,* that the commencement of the trial on the charge of burglary, if jeopardy did then attach, was not a bar to a prosecution for larceny, which is an independent and separate offense.

Original proceeding in habeas corpus. Opinion filed June 7, 1913. Petitioner remanded.

*Edgar Bennett,* of Washington, for the petitioner.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *S. H. Hamilton,* county attorney, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: In asking for a writ of habeas corpus the petitioner, Harley Gano, relied on the grounds of former jeopardy for the same offense for which he stands convicted, of error committed by the trial court in overruling a motion to set aside the verdict and to

*In re* Gano.

discharge the petitioner, and of material and fatal variance between the facts alleged in the information and those proven on the trial.

Goods of the value of $30 were stolen from a building occupied by A. McNeal as a shop and dwelling house, and an information was filed charging the petitioner with the crime of burglary and larceny in taking them. He entered a motion to quash the information, claiming that it did not state facts sufficient to constitute a crime. The court first overruled the motion as to the charge of burglary and sustained it as to the charge of larceny. After a plea of not guilty a jury was impaneled, and the county attorney stated the case and proceeded to offer evidence in support of the charge. After the testimony of the prosecuting witness had been received the motion to quash was renewed, and as it was sustained by the court, both jury and defendant were discharged. Later a second information was filed, charging burglary and larceny, the offenses which the prosecutor attempted to charge in the first information, and upon this charge the petitioner was again brought to trial. He entered a plea of former jeopardy, setting forth the steps taken on the former prosecution, and the demurrer thereto filed by the state was sustained. The jury on the trial returned a verdict of not guilty on the charge of burglary and guilty on the charge of larceny. Petitioner moved to set aside the verdict, and that motion being overruled, the court sentenced him to imprisonment in the penitentiary. No motion was entered for a new trial, but instead the petitioner sought release upon this writ.

The petitioner is not entitled to a discharge in habeas corpus for two reasons. If a mistake had been made in overruling his plea of former jeopardy it could not be corrected in habeas corpus. It has been decided that if error is committed in overruling such a plea it must be corrected on appeal. (*In re Miller*, 7 Kan. App. 686,

51 Pac. 922; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331; *In re Terrill,* 58 Kan. 815, *post,* p. 138, 49 Pac. 158; 21 Cyc. 305.)

If the question should be deemed open to consideration, however, it must be held that the former prosecution was not a bar to a trial for the larceny of which the petitioner was convicted. As has been seen, the court quashed the charge in the first information as to larceny before the jury was impaneled or the trial begun. The burglary and larceny charges were separate crimes, although stated in a single count. Wherever these offenses are separate and independent jeopardy for one is not a bar to a prosecution for the other. (Note, 31 L. R. A., n. s., 727.) Of course, if the prescribed penalty is for the commission of both burglary and larceny, or if the larceny of which the accused was convicted necessarily included burglary, or the penalty therefor was enlarged because of being committed in connection with burglary, there would be grounds for the contention that jeopardy as to one was jeopardy as to both. The offense of which petitioner was convicted was larceny from a dwelling house, an independent offense with characteristics of its own and a penalty peculiar to itself. (Gen. Stat. 1909, § 2571.) Assuming, but not deciding, that jeopardy had attached as to the burglary, a charge which on the petitioner's motion the court was induced to hold did not contain the recitals necessary to constitute a crime, it is clear that there was no jeopardy as to the charge of larceny, which was quashed before the jury was impaneled. The essential criminal elements of the two offenses are distinct and neither is necessary to the other. The ordinary test demonstrates that the offenses are not compound. Evidence to establish a larceny is not essential to prove a burglary. The latter may be proven by showing a breaking and entering with the intent to steal, although nothing was in fact

*In re* Gano.

stolen. The burglarious act was complete and the offense of burglary consummated before the first act in the larceny was begun. The evidence necessary to prove the burglary would not have supported the charge of larceny, and it is held that an infallible test to determine whether a former prosecution is a bar or not is to inquire whether the evidence necessary to make out a case under the first prosecution will support the charge under investigation. (*The State v. Ridley and Johnson,* 48 Iowa, 370; *State of Iowa v. Ingalls,* 98 Iowa, 728, 68 N. W. 445; *Sharp v. State,* 61 Neb. 187, 85 N. W. 38; *Wilson and others v. The State,* 24 Conn. 57; *The State v. Martin,* 76 Mo. 337; 12 Cyc. 285.)

It is true that the plea of the petitioner attacked the charge of burglary, which was included with the charge of larceny in the second information, but as there was no conviction on the burglary charge, the ruling as to that offense is not now important. If there had been a separate plea as to the charge of burglary the demurrer of the state thereto might have been overruled by the court.

The objection that there was a variance between the allegations in the information and the proof is not available in this proceeding.

The petitioner will be remanded.