The State v. Wheeler.

No. 19,343.

THE STATE OF KANSAS, *Appellee,* V. FRANK WHEELER,
*Appellant.*

### SYLLABUS BY THE COURT.

1. LARCENY—*Robbing a Bank—Evidence—No Error Appears in
the Record.* The evidence examined and held to supply omis-
sions which occasioned the reversal of a former judgment
against the defendant.

2. SAME. Various questions of law considered and found to be
definitely determined against the defendant by previous de-
cisions of this court.

Appeal from Washington district court; JOHN C.
HOGIN, judge. Opinion filed June 12, 1915. Affirmed.

*Edgar Bennett,* and *Charles W. Clarke,* both of
Washington, for the appellant.

*S. M. Brewster,* attorney-general, and *S. H. Hamil-
ton,* county attorney, for the appellee; *A. J. Freeborn,*
of Washington, *W. W. Redmond,* of Marysville, *J. D.
Gregg,* and *W. J. Gregg,* both of Frankfort, of counsel.

The opinion of the court was delivered by

BURCH, J.: This is an appeal from a second convic-
tion for participating in the looting of the Taft State
Bank, of Hanover, Kan., in December, 1910, by a band
of yeggmen who made their rendezvous at Wymore,
Neb. This was one of a series of bank robberies per-
petrated by the same band whose membership and
methods of operation were described in the opinion in
the case of *The State v. Hoerr,* 88 Kan. 573, 129. Pac.
153, and in the opinion disposing of the defendant's
former appeal, *The State v. Wheeler,* 89 Kan. 160, 130
Pac. 656.

The grounds of a motion for a change of venue were
refuted and the motion was properly denied. (*The
State v. Sexton,* 91 Kan. 171, 136 Pac. 901.)

The principal ground of the present appeal is substantially the same as that of the former appeal, indicated in the syllabus of the former opinion. It is not necessary to review the evidence complained of in more than twenty assignments of error. The state made the showing at the second trial which this court held it failed to make at the first trial.

. A large number of articles which need not be described were produced in evidence as exhibits, as in the Hoerr case. The language used by the court in the Hoerr case applies.

"Some of these matters bear very remotely on the case, but are admissible when considered together to show a guilty combination tending to prove the defendant's complicity in the crime charged." (p. 583.)

The testimony of the defendant given in the Hoerr case was properly admissible as previous voluntary statements of the defendant, under the well-established rule. (*The State v. Inman,* 70 Kan. 894, 79 Pac. 162; *The State v. Campbell,* 73 Kan. 688, 85 Pac. 784.)

The defendant chose to testify as a witness in his own behalf and the statute providing that the neglect or refusal of a defendant to testify shall not be referred to by any attorney prosecuting the case does not apply. (*The State v. Glave,* 51 Kan. 330, 33 Pac. 8.)

The defendant was charged with burglary and larceny and was convicted of larceny only. He should congratulate himself on the leniency of the jury. Acquittal of the crime of burglary did not affect the conviction of the crime of larceny. (*In re Gano,* 90 Kan. 134, 132 Pac. 999.)

No question of law is presented that has not heretofore been definitely decided by this court against the defendant. The evidence was ample to sustain the verdict of guilty and the judgment of the district court is affirmed.

DAWSON, J., not sitting.