No. 25,010.

The State of Kansas, *Appellee,* v. Otto Hund, *Appellant.*

#### SYLLABUS BY THE COURT.

Liquor Law—*Three Counts—Guilty on First Count—Not Guilty on the Other Two Counts—Properly Sentenced Under First Count.* The defendant was charged in three counts with selling liquor, having liquor in his possession, and keeping a liquor nuisance. The evidence established guilt on all three counts. The jury returned an inconsistent verdict finding him guilty on the first count and not guilty on the other two. *Held,* judgment was properly rendered on the verdict of guilty.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed February 9, 1924. Affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart, Glenn Porter,* and *Charles B. Hudson,* all of Wichita, for the appellant.

*Charles B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *H. C. Castor,* and *John W. Wood,* deputy county attorneys, for the appellee.

The opinion of the court was delivered by

Burch, J.: Defendant was convicted of selling intoxicating liquor, and appeals.

The information contained three counts, the first for selling intoxicating liquor, the second for having intoxicating liquor in possession, and the third for maintaining a common nuisance by keeping a place where intoxicating liquor was kept for sale and sold.

Defendant keeps a drug store. On January 31, 1923, a federal prohibition agent was introduced to defendant, and said he wanted some whisky. Defendant asked how much. The agent said he wanted a pint. Defendant went behind the prescription case, came out, and delivered to the agent a pint of whisky. The agent paid defendant for the whisky and took it away with him. The information was filed on February 21. On that day the sheriff searched the drug store, and found no liquor. There was evidence corroborating the testimony of the federal agent relating to the sale. Defendant did not testify. The jury found defendant guilty as charged in the first count of the information, and not guilty as charged in the second and third counts.

It is contended the verdict was inconsistent, and it was. The jury paltered with their oaths and with the law. The fact, however,

that the jury saw fit to relieve the defendant on two counts did not oblige the court to relieve him òn the third. (*The State v. Brizendine*, 114 Kan. 699, 220 Pac. 174; *The State v. Brundige*, 114 Kan. 849, 220 Pac. 1039.)

The judgment of the district court is affirmed.