State v. Graves.

---

No. 26,564.

THE STATE OF KANSAS, *Appellee,* v. CHARLES W. GRAVES, *Appellant.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Unlawful Possession—Evidence—Instructions.* Assignments of error in a liquor case considered and held to be without merit.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed March 6, 1926. Affirmed.

*Charles W. Steiger,* of El Dorado, and *F. J. Oyler,* of Iola, for the appellant.

*C. B. Griffith,* attorney-general, *R. T. McCluggage,* county attorney, and *Stanley Taylor,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was convicted of having liquor in his possession, and appeals.

According to defendant's evidence, he is the victim of one of those unfortunate incidents which sometimes unhappily compromise the innocent. He lived with his mother, did not drink, bore a good reputation, and worked for the El Dorado National Bank. On the afternoon of election day in 1924, he took Harry Chisler in his car to Leon on business. When returning to El Dorado, he picked up two good appearing, fairly well-dressed workmen, who were walking along the road, and gave them a ride. Arriving at El Dorado, the two men said they did not desire to go further into the city, and they left the car. When taken into the car they were carrying some packages. Defendant gave them no attention when they parted from him. Defendant drove to a filling station, and went to a telephone to communicate with his mother. Receiving no response from his mother, he commenced to search the streets for

---

Criminal Law, 16 C. J. pp. 993 n. 24, 995 n. 39, 1090 n. 69, 1091 n. 83, 90. Intoxicating Liquors, 33 C. J. pp. 744 n. 22, 761 n. 53, 790 n. 35.

her. He drove here and there and around and about, and at one time stopped for about five minutes in front of the Pan-American café, but did not leave the automobile. There was much traffic on the streets, and defendant was obliged to drive slowly, but he kept on looking for his mother, and one of the sad things about the case is, the police broke up the search before he found her. Misunderstanding defendant's movements, two police officers of the city followed him. After a time the police car drove alongside defendant's car and he was ordered to stop. He pressed the accelerator and shot his car ahead a few feet, but Officer Byers jumped on the running board, grabbed the wheel, and turned the car toward the curb. The car ran up over the curb, but was finally stopped. It does not appear defendant explained to the police that he was looking for his mother, and, without any papers commanding him to do so, Officer Murphy lifted an overcoat and a robe lying behind the front seat, and there stood a bottle or jug of corn liquor. It does not appear that defendant explained to the officers about the strangers with the packages who left the car when they arrived at El Dorado, and defendant was taken to the police station. In order to conform this chronicle to the record in the case, it must be set down here that Officer Byers testified defendant's breath smelled of liquor. The chief of police testified that when defendant was brought into the police station his breath smelled of liquor. The desk sergeant at the station testified that when defendant was brought in his breath smelled of liquor.

At the trial the court instructed the jury fully on the subject of reasonable doubt, but said that a doubt, to authorize acquittal on that ground, ought to be a substantial doubt. Defendant says the language, "a doubt, to authorize an acquittal," besides being very objectionable and very prejudicial, was offensive. After the jury had deliberated several hours, the court sent for them, ascertained the state of their deliberations, and made a suggestion with reference to conscientious agreement on a verdict. In defendant's brief this becomes an oral instruction to the jury. Besides that, the incident occurred without calling defendant's counsel, who was at the time in his office across the street. In thirty minutes the jury found defendant guilty on one of the three counts of the information. Defendant claims he filed and presented to the court an affidavit in support of his motion for a new trial, stating that, when the court inquired of the jury how they stood, a juror answered, eight

for conviction and four for acquittal.  The state's attorneys claim the affidavit was not presented to the court, and they knew nothing of it until served with defendant's abstract.  As indicated, defendant was found guilty of having liquor in his possession, and was acquitted on two other counts.  One of them charged transportation of intoxicating liquor.  The motion for new trial asserted the verdict was contrary to the evidence and contrary to law, and defendant claims the court erred in denying the motion for new trial.

The foregoing are the grounds assigned by defendant for reversal of the judgment. Without implying that the others are less trivial, three of them may be referred to briefly.

The evidence brought the case as neatly within principles announced in the case of *State v. Metz,* 107 Kan. 593, 193 Pac. 177, as if it had been framed to that end.  The jug of liquor was behind the backs of two men, the burden was on the state to show which one possessed it, and the jug was surreptitiously placed in defendant's car by a stranger.  It seems queer, however, that the mysterious strangers should carry their wrapped packages under their arms along the road toward town, and then leave this jug, unwrapped, under Chisler's coat and defendant's robe, when they reached town, unless they felt a certain security in doing so; and besides that, guilty impulse to avoid arrest, and a liquor breath, were not included in the facts in the Metz case.

Conceding that defendant's affidavit was read to the court, the court knew what occurred when it inquired how the jury stood, and in support of the judgment this court would assume, if necessary, that the district court knew the affidavit was not true.  However, it is not necessary to make the assumption, because if the affidavit were true, it afforded no ground for a new trial.

Perhaps the jury took the view defendant was not guilty of transporting intoxicating liquor because he was looking for his mother while he was hauling this jug around town.  It is perfectly true, as defendant contends, that he could not be guilty of possession and innocent of transporting, but this court does not possess the privilege of stultifying itself which the jury exercised.

The judgment of the district court is affirmed.