State v. Stewart.

---

No. 26,575.

THE STATE OF KANSAS, *Appellee,* v. RODNEY STEWART and CHRISTINE STEWART, *Appellants.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Verdict—Inconsistency as to Separate Counts.* Following *State v. Hund,* 115 Kan. 475, 222 Pac. 766, it is held that a sufficient showing for reversing a conviction upon one count of an information is not made by demonstrating that if he was guilty thereon he must necessarily have been guilty also of an offense charged in another count, upon which he was acquitted. *State v. Turner,* 63 Kan. 714, 66 Pac. 1008, holding to the contrary is overruled.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 6, 1926. Affirmed.

*T. C. Forbes,* of Eureka, and *F. S. Jackson,* of Topeka, for the appellants.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *J. F. Darby,* county attorney, for the appellee.

Criminal Law, 16 C. J. p. 1108 n. 37; 17 C. J. p. 367 n. 97.

The opinion of the court was delivered by

MASON, J.: The defendants were convicted of keeping a place where intoxicating liquor was sold. They appeal on the ground that if they were guilty under that charge they were also guilty of selling liquor as charged in another count of the same information, upon which they were acquitted. The argument is that the verdict was necessarily inconsistent.

An obvious and plausible explanation of the inconsistency between the two parts of the verdict is that the jury were influenced by the feeling that punishment for one violation of law was as much as the defendants ought to suffer. However much of a departure this may be from a proper performance of the jury's duty, there is no way by which its action in that respect can be controlled. So far as the verdict is an acquittal it is final. A complete new trial on both issues cannot be had. If it were to be assumed that the part of the verdict finding the defendant guilty is the correct one the defendant ought to be discharged on both counts. But we think there is a presumption amounting almost to a practical certainty that the verdict of guilty is the one the jury thought the evidence required. This court has recently held that, granting the two parts of the verdict to be utterly irreconcilable, the conviction upon one count shall stand in the absence of some other ground of reversal, and there are decisions to the same effect in other jurisdictions. (*State v. Hund,* 115 Kan. 475, 222 Pac. 766; *State v. Ridge,* [Mo. App.] 275 S. W. 59; *Steckler v. United States,* 7 Fed., 2d, 59.) We adhere to that view. In the case last cited it was said:

"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." (p. 60.)

The contrary view was taken in *State v. Turner,* 63 Kan. 714, 66 Pac. 1008, and that case is overruled.

The judgment is affirmed.