No. 29,368.

The State of Kansas, *Appellee*, v. Guy Taylor, *Appellant.*

(288 Pac. 731.)

Opinion filed June 7, 1930.

*David Ritchie,* of Salina, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *L. A. McNalley,* county attorney, for the appellee.

The opinion of the court was delivered by

Burch, J.: Defendant was convicted as a persistent violator of maintaining a liquor nuisance, and appeals.

The information contained six counts. All but the first and sixth were dismissed before trial. The first count charged that on or about October 16, 1929, defendant kept liquor in his possession. The sixth count charged that on or about October 16, 1929, defendant maintained a place where liquor was kept for sale. The court instructed the jury that if they believed defendant had intoxicating liquor in his possession they should find him guilty on the first count, otherwise they should acquit him; and if they believed defendant maintained a place where liquor was kept for sale they should find him guilty on the sixth count, otherwise they should acquit him. The jury returned a single verdict finding defendant guilty as charged in the sixth count.

There was evidence for the state which authorized the jury to believe defendant was in possession of intoxicating liquor (first count), maintained a place where intoxicating liquor was kept for sale (sixth count), and was in the act of concluding a sale of intoxicating liquor in his possession in the place when he was arrested.

The officers found at defendant's home a gallon can of alcohol, a gallon can three-quarters full of alcohol, and a pint bottle full of alcohol. Defendant was equipped with bottles of proper form, size and color, corks, bottle caps, seal covers, labels and wrappers, whereby, with some coloring matter, beverage flavors, and raw alcohol, he could furnish customers with—

"Gordon and Company's Dry Gin, distilled and bottled in London, England, by Gordon Dry Gin Company, Ltd.;

"White Horse Scotch Whisky, pure and genuine. County analysts laboratory, 138 Bath street, Glasgow. January 3, 1921;

"Long John Scotch Whisky, Special Reserve Scotch Whisky. Long John Distillers, Ltd., Glasgow, Scotland.

"Haig & Haig," "Sandy McDonald," "Grand Old Par Scotch Whisky," "Old Frankfort Bourbon, Distillery No. 33, 7th district, Frankfort, Kentucky"; and other brands of liquor.

Defendant furnished some testimony having an appearance of genuineness about equal to that of his brands of liquor, which, if accepted as genuine, would authorize a verdict of not guilty.

Defendant contends that failure of the jury to find him guilty of unlawful possession of liquor, as charged in the first count, amounted to an acquittal of having unlawful possession of liquor; that because of such acquittal all evidence relating to possession of liquor must be disregarded in considering whether conviction on the sixth count was sustained by evidence; and that, disregarding the evidence of possession, there was no substantial evidence to sustain conviction on the sixth count.

For the purpose of the decision it may be conceded that a finding of possession of liquor was essential to conviction on the sixth count, and if defendant did not in fact have liquor in his possession, he was not guilty as charged in the sixth count. It may also be conceded that, since the jury did not find defendant either guilty or not guilty on the first count, he was acquitted on that count. There remains the question, What consequences follow from acquittal on the first count?

In his opinion in the case of *Burgess v. Boetefeur*, 7 M. & G. 481 (1844), Chief Justice Tindal said, "The word 'acquittal' is *verbum æquivocum.*" The meaning of the word is not confined to judgment in favor of defendant after trial on the merits (*Junction City v. Keeffe*, 40 Kan. 275, 279, 19 Pac. 735), and a defendant may be "acquitted" without the question of guilt or innocence having been

submitted to a jury at all. Thus in the case of *State v. Dewey,* 73 Kan. 735, 85 Pac. 796, 88 Pac. 881, this court held that discharge of a person held under indictment or information, who was not brought to trial within the time limit provided by the criminal code, amounted to an acquittal of the offense charged.

Defendant bases his contention on the decision in the case of *State v. McNaught,* 36 Kan. 624, 14 Pac. 277, followed in the case of *State v. Wood,* 49 Kan. 711, 31 Pac. 786. The first paragraph of the syllabus in the McNaught case, which was a liquor case, reads:

"A verdict of guilty on one count in a criminal complaint, saying nothing as to other counts, is equivalent to a verdict of not guilty as to such other counts."

The question at once intrudes, "equivalent to a verdict of not guilty" to what extent? The question is answered in the second paragraph of the syllabus, which reads:

"And where such a verdict has been rendered, and the defendant procures a new trial, he can be tried at the new trial only for the offense charged in the count upon which he was found guilty at the former trial."

In the opinion in the McNaught case appears the following:

"Of course the jury ought to make a finding with respect to each separate count, for in all cases like this each separate count charges a separate and distinct offense. [Citation.] But when the verdict of the jury is silent as to some one or more of the counts and contains a finding of guilty as to the other counts, it must be presumed that the jury intended to find as to the counts concerning which the verdict is silent, that the defendant was not guilty. Such, we think, is the universal belief in practice." (p. 627.)

The opinion does not indicate whether this presumption of not guilty is a presumption of law or a presumption of fact. The opinion states that the information was one charging in four separate counts four distinct offenses, no one of which had any connection with the other. Therefore the court did not consider application of the presumption to a case like this one—a verdict silent as to possession as charged in the first count, but finding that defendant did have liquor in his possession at a place where he kept it for sale, as charged in the sixth count. In such a situation it would be quite incongruous to indulge a presumption of fact contrary to the jury's finding of fact, and it would be quite arbitrary to indulge a presumption of law in disregard of the jury's finding of fact.

The court sensed some difficulty in applying generally a presumption that the jury intended to find the defendant not guilty in fact when it made no finding one way or the other and said:

"But whatever may have been the actual intention of the two juries that tried this case at the first two trials, it necessarily follows from § 10 of the bill of rights of the constitution that the defendant could not again be tried after such two trials. That section provides, among other things, as follows: 'No person shall . . . be twice put in jeopardy for the same offense.'" (p. 627.)

In this instance there has been but one trial, and the appeal is from conviction on the sixth count. If the state had pursued or were seeking to pursue defendant in some way on the first count, and the question were before the court, it would be proper to say, in accordance with the decision in the McNaught case, that defendant was acquitted on that count. It would also be proper to say that the law regards him as entitled to the same immunity he would enjoy if the jury had returned a verdict finding him not guilty. We have no such case before us. We know what the jury actually did. The action of the jury regarding the first count is not before the court for review, and the court declines to speculate on what the jury intended, and declines to resort to any presumption concerning what the jury intended, when it left the question of guilt or innocence of the charge contained in the first count undetermined by verdict one way or the other. Turning to the subject of the appeal, conviction on the sixth count, we are not concerned with what the jury did about the first count, and the verdict finding defendant guilty on the sixth count was amply sustained by the evidence.

The defendant can be in no better situation than he would be if the jury had returned a verdict of not guilty on the first count, and had also returned a verdict of guilty on the sixth count. That being true, defendant merely presents in a new and subtle way the old subject of inconsistency of verdict.

The contention here is that "acquittal" on the first count established the fact that defendant did not have intoxicating liquor in his possession; that takes the subject of possession out of the case for all purposes; and when the record is examined for evidence of possession to sustain conviction on the sixth count, the mass of convincing evidence establishing possession may not be considered. In principle the precise contention was made in the case of *State v. Turner,* 63 Kan. 714, 66 Pac. 1008. Turner sold a beverage at the place where he kept the beverage for sale. He was charged in two counts of an information with sales of intoxicating liquor, and in a third count with maintaining a place where intoxicating liquor was kept for sale. He freely admitted he made the sales charged.

.The defense was that what he sold was not intoxicating. The jury found him guilty on the third count, and as in the McNaught case, returned no verdict on the other counts. On appeal, division No. 1 of this court held the conviction could not be sustained. In the opinion it was said:

"As before stated, the question tried was whether the liquor sold was intoxicating. The jury having necessarily found that it was not, by their acquittal of the defendant on the charge of selling, it is difficult to understand how a conviction resulted under the nuisance clause of the statute when there was no more or different evidence to support that charge than there was to sustain the accusation of making illegal sales." (p. 716.)

Defendant cites this decision as authority for his contention. If the question to be tried had been possession of intoxicating liquor instead of intoxicating character of the liquor, the case would have been identical in all essential respects with this one. The decision fully supports defendant's contention, and it would be authority for his contention but for the fact that the court, sitting in banc, expressly overruled it in the case of State v. Stewart, 120 Kan. 516, 243 Pac. 1057.

Defendant undertakes to distinguish such cases as State v. Brizendine, 114 Kan. 699, 220 Pac. 174, on the ground that in the Brizendine case there was some evidence to sustain the conviction aside from that relating to the counts on which defendant was acquitted. The decision was not based on that ground. The second paragraph of the syllabus reads:

"The appellants were charged in separate counts of an information with manufacturing intoxicating liquor, having intoxicating liquor in their possession, and maintaining a place where intoxicating liquor was manufactured and kept for unlawful purposes. They were acquitted of manufacture and possession, and found guilty of maintenance only. Conceding maintenance of the place necessarily involved manufacture and possession, the verdict of guilty was not vitiated by the verdict of acquittal."

Likewise, in the case of State v. Brundige, 114 Kan. 849, 220 Pac. 1039, the syllabus reads:

"Where the evidence shows that if the defendant was guilty of either larceny or burglary he was guilty of both he cannot on appeal effectively complain of the inconsistency of the jury in convicting him of burglary and acquitting him of larceny." (¶ 6.)

It is not necessary to pursue the subject further. All the evidence in the record tending to sustain conviction on the sixth count is

before this court for consideration, just as it was before the jury for its consideration, and that evidence is just as potent now as it was when the jury concluded to do nothing about the first count.

The judgment of the district court is affirmed.