No. 35,428

THE STATE OF KANSAS, *Appellee*, v. N. S. GIBBONS, *Appellant*.

(125 P. 2d 350)

Opinion filed May 8, 1942.

*George K. Melvin,* of Lawrence, and *D. H. Denman,* of Ottawa, were on the briefs for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Bert E. Newland,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: Defendant brings this appeal from a judgment and sentence as a persistent violator of the prohibitory law. He was prosecuted on three counts, the first two of which charged unlawful sales and the third charged unlawful possession. The jury acquitted him on counts 1 and 2 and returned a verdict of guilty on count 3.

Judgment was imposed in conformity with the verdict, and defendant assigns two errors: Insufficient evidence, and error in instructions.

Touching the first error assigned, the state adduced evidence which tended to show that persons called on defendant at his farmhouse in the country at some distance from Ottawa to buy liquor from him, and that on such occasions he was accustomed to walk to the fenced boundary of his premises, a distance of about 200 yards, and go through the fence into an adjacent pasture of rough land and disappear into a ravine therein and return in a few minutes with the liquor in a pint bottle and sell it to his waiting customer for money. The evidence tended to show this practice on two specific occasions, one being May 11, 1941, and the evidence tended to show that the liquor brought back by defendant from the neigh-

boring pasture was of the brand designated "White Seal." On the following day the sheriff raided the defendant's premises, including the neighboring pasture where the defendant was accustomed to go and disappear briefly and return with liquor to supply his customers. A short distance across the fence the sheriff discovered several packages of pints of whisky, twenty-three of which were of the brand called "Hill & Hill" and eight pints of "White Seal."

While defendant disavowed any knowledge of the liquors and made what argument he could of the fact that they were found a few feet outside his line fence and that there was no beaten path from his house to the fence near the point where the liquors were discovered, the evidence was quite sufficient to take the case to the jury, and the fact that the jury saw fit to return a verdict of not guilty on the sales counts does not affect the verdict returned on count 3. (*State v. Hund*, 115 Kan. 475, 222 Pac. 766; *State v. Stewart*, 120 Kan. 516, 243 Pac. 1057; *State v. Taylor*, 130 Kan. 813, 288 Pac. 731; *State v. Murphy*, 145 Kan. 242, 65 P. 2d 342.)

Touching the sufficiency of the evidence, a violation of the prohibitory law is such a casual matter that it cannot ordinarily be proved by a cloud of witnesses; the state must do the best it can, and so long as it adduces evidentiary facts and circumstances sufficient to take the case to the jury under appropriate instructions and the jury returns a verdict which the trial court approves, it is a waste of time and money and effort to ask this court to disturb the result. (*State v. Brizendine*, 114 Kan. 699, 220 Pac. 174.) In *State v. Long*, 148 Kan. 47, 79 P. 2d 837, where the paucity of the evidence to prove the crime charged was complained of, it was said:

"It has always been the rule of appellate review that it is the jury, not the supreme court, which has to draw the inference of guilt from the circumstances. It is the jury which has to be convinced beyond a reasonable doubt. The industrious student of our reports will find scores of cases, ranging from murder and burglary down to bootlegging, where the evidence to support the verdict of conviction seemed very slim when set down in cold type for this court to read, but in every such instance the jury's verdict was respected. (Citations)." (p. 48.)

Error is assigned on instruction No. 8, which reads:

"The state claims that the officers of the sheriff's force searched for intoxicating liquor in and about the Gibbons' place, that they found several bottles of whisky not far from where Gibbons lived—that Gibbons when he is alleged to have sold whisky departed in the direction from his place where it claims the whisky was found and soon thereafter returned with intoxicating

liquor. If from the evidence as a whole you are satisfied beyond a reasonable doubt, you would be warranted in finding the defendant guilty as charged in the third count. ·If you are not so satisfied you should acquit him on the third count.

"The fact, if it be a fact, that the alleged liquor in question was found on premises other than those occupied by Gibbons does not make any difference so far as the guilt of the defendant is concerned if you are satisfied beyond a reasonable doubt that Gibbons was in the possession thereof either directly or indirectly."

In criticism of this instruction, in defendant's brief it is said:

"It may not be error but it was unfair to the defendant to state that it (the thirty-one pints of whisky) was found not far from where he lived."

This instruction was certainly an accurate statement of the state's claim; there was evidence which justified and required the instruction to be given; and it was a fair statement of the pertinent law.

A patient examination of this record and a painstaking study of . appellant's brief reveals nothing approaching reversible error, nor anything further which would justify discussion.

·The judgment is affirmed.