No. 44,572

STATE OF KANSAS, *Appellee*, v. MACEO FREEMAN, JR., *Appellant*.

(424 P. 2d 261)

Opinion filed March 4, 1967.

*William M. Cook,* of Kansas City, argued the cause and was on the briefs for the appellant.

*Robert L. Serra,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Frank D. Menghini,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Maceo Freeman, Jr., was convicted of robbery in the first degree in violation of K. S. A. 21-527.

The defendant was tried on charges of forcible rape under K. S. A. 21-424 and robbery in the first degree. The jury found defendant guilty on the robbery charge and not guilty of rape. Defendant's motion for new trial was overruled and he perfected this appeal.

Defendant was represented by court-appointed counsel during

all proceedings in the district court. Present counsel was appointed to represent defendant in this appeal.

Defendant relies on three points for reversal of the conviction. They will be considered in the order presented in the briefs.

Defendant first complains that the district court erred in permitting the prosecution to try him on the charge of robbery in the first degree rather than assault with felonious intent. This contention is premised on a notation in the transcript and commitment of the City Court of Kansas City, Kansas, in which the charges against defendant were noted as "rape, assault W/I."

We have examined the complaint filed in the city court and the amended information filed in the district court. We find the language used in setting out the offense of robbery in the first degree contained in the second count of each instrument to be substantially the same and in each case properly charged an offense of robbery in the first degree. The defendant concedes the language of the complaint and amended information to be substantially the same and sufficient to charge robbery in the first degree. Defendant merely contends the notation by the city court "rape, assault W/I" is sufficient in itself to show the state proceeded at the preliminary hearing to try defendant for assault with felonious intent, rather than robbery in the first degree, and that defendant was bound over for trial in the district court on the former resulting in reversible error.

We find no merit in defendant's contention. Preliminary examination was waived and when defendant appeared before the district court he waived arraignment, entered a plea of not guilty to both charges and proceeded to trial. Defendant made no attempt to raise the point by a plea in abatement nor does he show here where he was surprised or prejudiced in any way. We have invariably adhered to the well-established rule in this jurisdiction that where—as here—the defendant in a criminal action, while represented by counsel, waives arraignment, enters a plea of not guilty and goes to trial on the information, any claimed irregularities pertaining to the preliminary examination and/or preliminary hearing are deemed to have been waived. See *Portis v. State*, 195 Kan. 313, 403 P. 2d 959; *State v. Osburn*, 171 Kan. 330, 232 P. 2d 451, *State v. Wallgren*, 144 Kan. 10, 58 P. 2d 74; and *State v. Perry*, 102 Kan. 896, 171 Pac. 1150.

We have examined cases cited by defendant and find none to be applicable to the circumstances reflected by the record here.

Defendant next contends it was error to overrule his motion for a new trial on the ground the verdict was the result of a compromise by the jury.

Our consideration of this contention requires a summary of the evidence. The alleged victim of the rape and robbery was a 62-year-old woman who operated a store in Kansas City, Kansas known as the Haskell Confectionery. She testified that on the day in question, July 25, 1965, she reopened her store at 3 p. m. A man whom she identified as the defendant entered the store and asked for a package of cigarettes, but left without completing the purchase. He returned shortly thereafter with the money and purchased the cigarettes. The victim testified her granddaughter came into the store while defendant was there and that defendant left and in a few minutes (about 3:25 p. m.) her granddaughter also left. Soon after the granddaughter left the defendant came back into the store. She testified defendant struck her and knocked her down, then locked the door and turned the "open" sign to "closed." Then according to the victim the defendant dragged her back into the kitchen, connected with the store, raped her, tied her hands with a twisted towel, then went to the cash register and took all the money (about $80) and left the store. She also testified defendant had some difficulty in getting the cash register open.

The state offered the testimony of another granddaughter who stated that while defendant was at the cash register she approached the door of her grandmother's store and defendant (whom she identified at the trial) shouted at her to go away.

Robert Hazen, a Fingerprint Examiner for the Federal Bureau of Investigation, was called as a witness for the state. He testified that a "palm" impression lifted from the cash register could be identified with a "palm" impression on an identification card bearing the name of defendant and submitted to him by the Kansas City, Kansas, Police Department.

The defense was exclusively by way of alibi. Defendant testified that he lived about four blocks from the confectionery. He went to the store on the morning of July 25, 1965, for cigarettes but found he did not have enough money and after going home for more money returned to the store and purchased the cigarettes.

After leaving the store he met an uncle who took defendant "back down home and picked up Edna and the two girls and we left there, left my house there at 2071, and went to my mother's at 2019 North First." Defendant testified that he left his mother's house about 3:15 or 3:30. For corroboration of his alibi testimony, defendant offered the testimony of his mother, three sisters and a friend, Murle Tyler. The incomplete record discloses several inconsistencies in the testimony of defendant's witnesses.

The defendant claims that under the evidence the jury's conviction of robbery is so inconsistent with an acquittal of rape as to render the verdict so uncertain in law that no judgment should be entered thereon.

We cannot agree with defendant's rationale of the jury's verdict. We are convinced from our examination of the record the jury was persuaded beyond a reasonable doubt as to the robbery charge by the testimony of the victim, corroborated by the testimony of the granddaughter and that of the F. B. I. agent, and on the other hand, it was not so convinced by the uncorroborated testimony of the alleged victim as to the rape charge. There was latitude in the evidence for the jury to find defendant guilty of robbery and not guilty of rape.

Defendant concedes that *Dunn v. United States,* 284 U. S. 390, 76 L. Ed. 356, 52 S. Ct. 189, 80 A. L. R. 161, is the landmark case dealing with the subject. Justice Holmes in speaking for the court in *Dunn* stated:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. . . .

· · · · · · · · · ·

"That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." (pp. 393, 394.)

The same principle has been recognized and adhered to in this jurisdiction. (*State v. Hund,* 115 Kan. 475, 222 Pac. 766; *State v. Hobl,* 108 Kan. 261, 194 Pac. 921; *State v. Wheeler,* 95 Kan. 679, 149 Pac. 701; and *State v. Graves,* 120 Kan. 499, 243 Pac. 1060.)

See, also, *Blackford v. United States,* 195 F. 2d 896 (10th Cir. 1952) and *Thomas v. Hudspeth,* 127 F. 2d 976 (10th Cir. 1942).

Under the *Dunn* rule the existence of an inconsistency would not warrant the vitiation of the verdict. The defendant, however, argues that his defense was solely by way of alibi and since the commission

of the robbery and rape was not denied then the jury could only convict on both counts or neither and that therefore the rule stated in *Dunn* is not applicable. We cannot adopt the reasoning of defendant.

In our view the marked difference in the weight of the evidence as to the charge of robbery in relation to that in support of the rape charge substantiates the jury's finding of guilty as to the former and not guilty as to the latter.

Finally defendant claims prejudicial error based on a comment of the assistant county attorney in his closing argument to the jury. The assistant county attorney commented that a woman who was listed as a witness for defendant and referred to by a witness as defendant's common-law wife did not "show up" to testify. On objection by defendant's counsel the court stated: "The jury will remember the instructions." The objection was not pointed at the impropriety of commenting on the failure of a wife to testify but was stated as follows: "Your Honor, I'd like to object; it's not upon us to prove his innocence; it's not our witnesses, it's his witnesses." No request was made to strike the comment or to further admonish the jury.

This claim of error was not contained in defendant's motion for a new trial nor is it shown to have been presented to the trial court when the motion was argued. Such being the case the question is not subject to review. (*State v. Jolly,* 196 Kan. 56, 410 P. 2d 267; *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981; and *State v. Trams,* 189 Kan. 393, 369 P. 2d 223.) Notwithstanding our rule we have considered the question and do not find reversible error under the circumstances of this case.

The abstract fails to clearly disclose the status of the witness in question. She is referred to by one witness as defendant's girl friend, by another as his wife, and by defendant as merely "Edna."

K. S. A. 62-1420 prohibits any prosecutor from commenting or referring to the circumstances of the neglect or refusal of the person on trial or the husband or wife of such person to testify.

Misconduct of a prosecutor under the provisions of the statute in referring to the failure of a wife to testify for her accused husband has been considered by this court on three occasions. (*State v. Stubbs,* 186 Kan. 266, 349 P. 2d 936, cert. den. 363 U. S. 852, 4 L. Ed. 2d 1734, 80 S. Ct. 1632; *State v. Smith,* 114 Kan. 186,

217 Pac. 307; and *State v. Peterson*, 102 Kan. 900, 171 Pac. 1153.) In each case we found the prosecutor's remarks improper but affirmed the convictions because of the absence of a showing that the jury was so influenced as to prejudicially affect any substantial right of the defendant. In this case, even though the state of the record as to the status of the witness is not clear and the application of the statute therefore questionable, we do not approve of the overzealous comment of the assistant county attorney. The indefinite record before us here, however, precludes a finding of prejudicial error on this issue.

We find no error to warrant a reversal and the judgment of the trial court is affirmed.